# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

December 20, 2023

*By the Court*:

No. 21-3221

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| v. | No. 2:17-cr-00175-MYS-9 |
| ROYEL PAGE ,<br>*Defendant-Appellant*. | **Michael Y. Scudder**,<br>*Circuit Judge*.[*] |

## O R D E R

The court has voted sua sponte to rehear this appeal en banc. Accordingly, the panel opinion of August 4, 2023, is vacated, and the court will set an argument date by separate order.

The court has also decided that supplemental briefs would assist in its consideration of the case. The parties shall each file supplemental briefs of up to 7,000 words addressing the following question, in addition to any other points they wish to raise: Whether the trial judge plainly erred in failing to sua sponte provide a buyer-seller instruction. In answering this question, counsel should address whether the record reflects presentation of a buyer-seller theory and the role of the party-presentation principle in the district court. The parties' briefs should address how *United States v. Olano*, 507 U.S. 725 (1993), *United States v. Sineneng-Smith,* 140 S. Ct. 1575 (2020), *Greer v. United States*, 141 S. Ct. 2090 (2021), *United States v. Douglas*, 818 F.2d 1317 (7th Cir. 1987), *United States v. Thomas*, 150 F.3d 743 (7th Cir. 1998), *United States v. Gee*, 226 F.3d 885 (7th Cir. 2000), and *United States v. Cruse*, 805 F.3d 795 (7th Cir. 2015), affect these questions.

Thirty (30) copies of the supplemental briefs must be submitted to the Clerk's Office by January 19, 2024. Counsel must also re-submit to the Clerk's Office thirty (30) copies of all briefs, appendices, supplemental authority, and any other materials filed for the original argument by that date.

---

[*] Of the United States Court of Appeals for the Seventh Circuit, sitting by designation. Judge Scudder did not participate in the court's vote on rehearing this appeal en banc.