No. 21-3221
_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

   v.

ROYEL PAGE,

        Defendant-Appellant.

---

Appeal from a Judgment in the United States District Court
for the Eastern District of Wisconsin, Milwaukee Division
No. 2:17-cr-00175-MYS-9; Hon. Michael Y. Scudder, Presiding by Designation

---

**SUPPLEMENTAL BRIEF OF**
**DEFENDANT-APPELLANT ROYEL PAGE**

---

**BISKUPIC & JACOBS, S.C.**
Vanessa K. Eisenmann, SBN 1084012
Michelle L. Jacobs, SBN 1021706
Justin J. Dreikosen, SBN 1094426
1045 West Glen Oaks Lane, Suite 200
Mequon, WI 53092
veisenmann@biskupicjacobs.com
mjacobs@biskupicjacobs.com
jdreikosen@biskupicjacobs.com
Office: 262-241-0033
Fax: 866-700-7640

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ iii

ISSUES PRESENTED FOR REVIEW .......................................................... 1

STATEMENT OF THE CASE ...................................................................... 2

I.     District-Court Proceedings ...................................................................... 2

II.    Circuit-Court Proceedings ...................................................................... 4

SUMMARY OF ARGUMENT ...................................................................... 7

ARGUMENT .............................................................................................. 9

I.    The jury-instruction issue is moot because there was insufficient evidence to support a conspiracy conviction............................................ 9

II.    The panel correctly held that the district court plainly erred by failing to give the jury a buyer-seller instruction. ........................................... 10

    A.    Legal Standard............................................................................. 10

    B.    The panel correctly held that there was a plain error because the conspiracy evidence was "thin" and, in such cases, a buyer-seller instruction must be given................................................................. 11

    C.    The panel correctly held that the error was prejudicial because the distinction between a conspiracy and a buyer-seller relationship is "blurry," constitutes an essential element of a conspiracy, and is not intuitive to a jury..................................... 16

    D.    Applying the party-presentation principle to deny Page relief would directly contradict Rule 52(b).............................................. 19

    E.    Applying the party-presentation principle to deny Page relief would curtail his constitutional right to appellate counsel and waste judicial resources............................................................... 23

CONCLUSION.......................................................................................... 26

ADDENDUM............................................................................................. 28

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7) ............ 29

# TABLE OF AUTHORITIES

## Cases

*Barrados-Zarate v. Barr*, 981 F.3d 603 (7th Cir. 2020) ................................... 22
*Greenlaw v. United States*, 554 U.S. 237 (2008) ............................................. 20
*Greer v. United States*, 593 U.S. 503 (2021) ................................. 10, 14, 18, 19
*Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90 (1991) ................................. 25
*Rehaif v. United States*, 139 S. Ct. 2191 (2019) ............................................. 14
*United States v. Askew*, 403 F.3d 496 (7th Cir. 2005) ............................... 4, 15
*United States v. Blake*, 986 F.3d 756 (7th Cir. 2021) ..................................... 24
*United States v. Borrero*, 771 F.3d 973 (7th Cir. 2014) ................................. 18
*United States v. Cheveres-Morales*, 83 F.4th 34 (1st Cir. 2023) ..................... 21
*United States v. Combs*, 222 F.3d 353 (7th Cir. 2000) ................................... 23
*United States v. Cruse*, 805 F.3d 795 (7th Cir. 2015) ............................passim
*United States v. Douglas*, 818 F.2d 1317 (7th Cir. 1987) ......................... 17, 24
*United States v. Edwards*, 34 F.4th 570 (7th Cir.), *cert. denied*, 143 S. Ct. 307
     (2022) ..................................................................................................... 22
*United States v. Gee*, 226 F.3d 885 (7th Cir. 2000) ................................passim
*United States v. Graham*, 51 F.4th 67 (2d Cir. 2022) .................................... 22
*United States v. Hidalgo-Sanchez*, 29 F.4th 915 (7th Cir. 2022) ................. 5, 9
*United States v. McReynolds*, 964 F.3d 555 (6th Cir. 2020) .......................... 22
*United States v. Mims*, 92 F.3d 461 (7th Cir.), *on reh'g*, 101 F.3d 494 (7th Cir.
     1996) ....................................................................................................... 17
*United States v. Nunez*, 673 F.3d 661 (7th Cir. 2012) ..................................... 4
*United States v. Olano*, 507 U.S. 725 (1993) ................................... 10, 14, 22
*United States v. Robl*, 8 F.4th 515 (7th Cir. 2021) ........................................ 21
*United States v. Silverstein*, 732 F.2d 1338 (7th Cir. 1984) .......................... 24
*United States v. Sineneng-Smith*, 140 S. Ct. 1575 (2020) ............. 19, 20, 22, 25
*United States v. Stoller*, 827 F.3d 591 (7th Cir. 2016) ................................... 23
*United States v. Thomas*, 150 F.3d 743 (7th Cir. 1998) .........................passim
*United States v. Turchin*, 21 F.4th 1192 (9th Cir. 2022) ............................... 22
*United States v. Withers*, 960 F.3d 922 (7th Cir. 2020) ................................. 21
*Wood v. Milyard*, 566 U.S. 463 (2012) .......................................................... 20

## Other Authorities

7th Cir. Pattern Crim. Jury Instr. 5.10 (2023 ed.) ...................................... 3, 16
7th Cir. Pattern Crim. Jury Instr. 5.10(A) (2023 ed.) ..............................passim

## Rules

Fed. R. Crim. P. 52(b) ............................................................................ 7, 10, 21

# ISSUES PRESENTED FOR REVIEW

I.    Whether the jury-instruction issue is moot because there was insufficient evidence to support a conspiracy conviction.

II.    Whether a unanimous panel of this Court correctly held that the district court plainly erred in failing to give a buyer-seller instruction, where:

(a)    the government's conspiracy evidence clearly was "thin" and, in such situations, this Court has held that a buyer-seller instruction <u>must</u> be given;

(b)    this Court has held that the distinction between a conspiracy and a buyer-seller relationship is "blurry," not intuitive to jurors, and a critical element of a conspiracy; and

(c)    applying the party-presentation principle to deny plain-error relief would directly contradict Rule 52(b), improperly curtail a defendant's constitutional right to appellate counsel, and waste judicial resources.

## STATEMENT OF THE CASE

### I.    District-Court Proceedings[1]

In 2017, a grand jury returned a 34-count indictment against 12 defendants involved in selling heroin.  Page was charged in just two of those counts, and not with conspiracy.  The government alleged that Terrance Hamlin purchased heroin from Torrence Harris and distributed some of those drugs to Page.  Two years later, a grand jury returned a superseding indictment against Page, Harris, Hamlin, and another individual, charging them with drug-trafficking conspiracy.[2]

In 2021, Page proceeded to trial.  Hamlin served as the key witness for the prosecution.  The government presented evidence that Hamlin knew Page because Hamlin used to sell drugs to Page's father.  Hamlin listed Page in his phone as "Neph Roy," and Page apparently called Hamlin "Uncle Bone."

The government's conspiracy evidence consisted primarily of wiretapped telephone conversations where Page requested to purchase distribution quantities of heroin—in cash—from Hamlin.  The case agent described Hamlin and Page's deals as follows:

> Several times Mr. Page would indicate he had X amount of
> dollars and would often say, 'I need to do the math quick.'  So

---

[1] Unless cited, the following facts are taken from the panel opinion.  *See* Panel Op. 2-4.

[2] The superseding indictment also charged Page with 12 substantive drug counts, which are not at issue in this appeal.  Unlike the conspiracy count, the substantive counts did not have a mandatory-minimum sentence and had a lower maximum sentence.  *See* PSR ¶ 121.

then he would come back, do the math, calculate how much heroin he could purchase from Hamlin with the money he had and then would order that amount of heroin.

Tr. 228. Page's lawyer argued in defense that Hamlin's testimony was not credible and that Page never joined a conspiracy. *Id.* 804-14.

The jury instructions defining the elements of the 21 U.S.C. § 846 conspiracy charge included this Court's pattern instruction on "Membership in Conspiracy." 7th Cir. Pattern Crim. Jury Instr. 5.10 (2023 ed.); *see also* Tr. 843. Page's lawyer did not request this Court's pattern instruction on "Buyer/Seller Relationship," which reads as follows:

> A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of [name of drug] do not enter into a conspiracy to [distribute [name of drug]; possess [name of drug] with intent to distribute] simply because the buyer resells the [name of drug] to others, even if the seller knows that the buyer intends to resell the [name of drug]. The government must prove that the buyer and seller had the joint criminal objective of further distributing [name of drug] to others.

7th Cir. Pattern Crim. Jury Instr. 5.10(A) (2023 ed.) (emphasis added).

The Committee Comment to the pattern buyer-seller instruction states that it should be used in cases " 'where the jury could rationally find, from the evidence presented, that the defendant merely bought or sold drugs but did not engage in a conspiracy.' " *Id.* cmt. (quoting *United States v. Cruse*, 805 F.3d 795, 814 (7th Cir. 2015)). The Comment also states that this Court "has rejected the view that this instruction is never appropriate when the

defendant denies selling drugs, as inconsistent defenses are permissible." *Id.*
(citing *Cruse*, 805 F.3d at 815).

Page's motion for judgment of acquittal was denied. Tr. 737-39. The
jury convicted Page on all counts, and the district court imposed a slightly
below-guidelines sentence of 90 months' imprisonment.

## II.    Circuit-Court Proceedings

On appeal before the panel, Page made two related arguments: (1) his
conviction on Count 1 should be reversed due to insufficient evidence of a
conspiracy, as opposed to a buyer-seller relationship; and (2) the case should
be remanded for a new trial because the jury instructions defining a
conspiracy did not include a buyer-seller instruction. Page also argued that
the jury-instruction error was compounded by other evidentiary errors.

In response to the second argument, the government admitted that
distinguishing between a conspiracy and a buyer-seller relationship can be
"vexing" and that the line between the two relationships can be "blurry."
Resp. Br. 13, 19 (quoting *United States v. Nunez*, 673 F.3d 661, 664 (7th Cir.
2012), and *United States v. Askew*, 403 F.3d 496, 503 (7th Cir. 2005)). The
government also agreed that the issue was subject to plain-error review. *Id.*
at 19 (citing *Askew*, 403 F.3d at 502).

The government argued that Page did not satisfy plain-error review
because "this was simply not a case in which the weakness of the

government's case ought to have alerted the trial judge to the need for a buyer-seller instruction." *Id.* at 19-20. The government also briefly contended that it was "relevant" that Page did not advance a buyer-seller "defense" and that giving a buyer-seller instruction "would not have changed the outcome of the trial." *Id.* at 20-21. The government made no mention of the party-presentation principle, nor did it ever argue that the jury-instruction issue was waived rather than forfeited.

On August 4, 2023, a panel of this Court unanimously held that the district court committed plain error by failing to instruct the jury on the difference between a buyer-seller relationship and a conspiracy. Panel Op. 2. The panel reaffirmed that, "if the evidence is equally probative of a conspiracy or of a buyer-seller relationship, the tie goes to the defendant." *Id.* at 6 (citing *United States v. Hidalgo-Sanchez*, 29 F.4th 915, 925 (7th Cir. 2022)). The panel also emphasized that in cases "where the evidence is in equipoise—'we have never found a failure to give the buyer-seller instruction to be harmless.'" *Id.* at 6, 10 (quoting *Cruse*, 805 F.3d at 816).

Because the government's conspiracy evidence was "comparatively thin," the panel remanded the case for a new trial on Count 1 with a properly instructed jury. *Id.* at 10. The panel expressly declined to address whether there was sufficient evidence to uphold the conviction. *Id.*

The government did not move for rehearing. Instead, on December 20, 2023, this Court issued an order, stating that it had voted *sua sponte* to rehear the appeal *en banc* and requesting supplemental briefing on the jury-instruction issue. The order directed counsel to discuss several cases[3] and to "address whether the record reflects presentation of a buyer-seller theory and the role of the party-presentation principle in the district court."

---

[3] These cases are discussed throughout this brief and summarized for this Court's convenience in an addendum.

## SUMMARY OF ARGUMENT

The jury-instruction issue is moot because there was insufficient evidence to convict Page of conspiracy—a threshold issue that this Court should address before turning to the jury-instruction issue. As explained in detail in Page's opening and reply briefs, this Court should reverse the conspiracy conviction and remand for resentencing on the substantive counts, which Page concedes are not tainted by the jury-instruction error.

Alternatively, this Court should vacate the conspiracy conviction and remand for a new trial before a properly instructed jury. There is no question that the evidence presented at trial mandated that the jury be instructed on how to analyze the "blurry" distinction between a conspiracy and a buyer-seller relationship. In such cases, this Court has "never found a failure to give the buyer-seller instruction to be harmless." *Cruse*, 805 F.3d at 814.

The fact that a formal, buyer-seller argument was not "presented" at trial is not dispositive. The buyer-seller instruction is critical to the definition of the elements of a conspiracy and to the jury's ability to do its job. The instruction was required because of the <u>evidence</u> presented, not because of a particular defense theory that was argued.

Moreover, Rule 52(b) of the Federal Rules of Criminal Procedure is an <u>exception</u> to the general principle of party presentation, as it clearly contemplates and allows for plain-error review when an issue or theory is

"not brought to the [district] court's attention."  A holding to the contrary not only would directly contradict Rule 52(b) and Supreme Court case law, but it also would force longstanding plain-error claims into § 2255 motions, effectively gutting a defendant's constitutional right to appellate counsel and wasting judicial resources.

If this Court does not reverse Count 1 for insufficient evidence, then Page must be given a new trial with a properly instructed jury.

# ARGUMENT

## I. The jury-instruction issue is moot because there was insufficient evidence to support a conspiracy conviction.

In his opening brief, Page made two related arguments: (1) his conviction on Count 1 should be reversed due to insufficient evidence; and (2) the case should be remanded for a new trial because the jury was not given a buyer-seller instruction. The panel remanded for a new trial while expressly declining to decide the first issue.

This Court should address the sufficiency of the evidence before turning to the jury-instruction issue. If this Court reverses Page's conspiracy conviction, then the jury-instruction issue is moot.

For all of the reasons discussed at length in Page's opening and reply briefs, the evidence was wholly insufficient to support a conspiracy conviction. Indeed, as discussed in more detail below, and as the panel correctly found, the conspiracy evidence was extremely "thin." Under those circumstances, there must be reasonable doubt, and as a result, Page is entitled to a judgment of acquittal, regardless of the instructions. *See Hidalgo-Sanchez*, 29 F.4th at 925 (finding that evidence "in equipoise" between conspiracy and buyer-seller relationship is insufficient to prove drug conspiracy). This Court need not proceed further to decide this appeal.

## II. The panel correctly held that the district court plainly erred by failing to give the jury a buyer-seller instruction.

### A. Legal Standard

On appeal before the panel, everyone agreed that, because Page did not object to the omission of a buyer-seller jury instruction in the district court, the issue was forfeited and subject to plain-error review under Rule 52(b). Open. Br. 15-16; Resp. Br. 19; Panel Op. 4. Rule 52(b) states that "[a] plain error that affects substantial rights may be considered <u>even though it was not brought to the court's attention</u>." Fed. R. Crim. P. 52(b) (emphasis added); *see also Greer v. United States*, 593 U.S. 503, 507 (2021) ("If the defendant later raises [a] forfeited claim on appeal, Rule 52(b)'s plain-error standard applies.").

As the Supreme Court explained in *United States v. Olano*, 507 U.S. 725, 732-35 (1993), under this standard, a defendant must show: (1) an unwaived legal error, that was (2) plain or obvious, and that (3) affected his substantial rights, which normally means that the error had a reasonable probability of affecting the outcome of the proceedings. Although Rule 52(b) allows a circuit court to affirm even if a plain error has been established, this Court generally has declined to do so unless the government makes that argument, and it did not do so here. *See United States v. Thomas*, 150 F.3d 743, 746, 747 (7th Cir. 1998) (Easterbrook, J., concurring) ("Forfeitures by the

prosecutor are at least as conclusive as forfeitures by the defense."). In addition, this Court already has found that, when there is conflicting evidence, the omission of a buyer-seller instruction satisfies this final (fourth) prong of plain-error review because it "undermines the essential fairness and integrity of the trial." *United States v. Gee*, 226 F.3d 885, 896 (7th Cir. 2000).

**B.  The panel correctly held that there was a plain error because the conspiracy evidence was "thin" and, in such cases, a buyer-seller instruction must be given.**

This Court has said "many times" that a buyer-seller instruction should be given in cases "where the jury could rationally find, from the <u>evidence</u> presented, that the defendant merely bought or sold drugs but did not engage in a conspiracy." *Cruse*, 805 F.3d at 814 (collecting cases) (emphasis added). That finding has been incorporated into this Court's pattern jury instructions. *See* 7th Cir. Pattern Crim. Jury Instr. 5.10(A), cmt.

As explained below, the distinction between a conspiracy and a buyer-seller relationship is a critical element of a conspiracy and is <u>not</u> intuitive— *i.e.* it is not something that a jury could be expected to understand without instruction from the district court. For these reasons, this Court <u>always</u> has found the omission of a buyer-seller instruction to be reversible error when the evidence was in equipoise. *See Cruse*, 805 F.3d at 816.

On appeal before the panel, the government's opposition to Page's jury-instruction argument was based on the alleged strength of the conspiracy

evidence. Specifically, the government contended that the omission of the instruction was not a plain error because "this was simply not a case in which the weakness of the government's case ought to have alerted the trial judge to the need for a buyer-seller instruction." Resp. Br. 19-20.

The panel easily (and correctly) rejected this argument, explaining that "the three main pieces of evidence the government alleged pointed to a conspiracy . . . barely satisfy the factors suggesting a conspiracy and do as much to suggest the existence of a buyer-seller relationship." Panel Op. 7-10. Indeed, although the government introduced approximately 70 wiretapped phone calls between Hamlin and Page at trial, and called Hamlin to testify, there was no evidence that they ever discussed: (a) who Page's customers were; (b) how much Page was charging his customers; (c) what profits Page was making; (d) how many customers Page had; (e) where Page was distributing drugs; or (f) what Page was doing to avoid law enforcement.

On the contrary, Page's transactions with Hamlin were decidedly arms-length. It bears repeating that the government's case agent described their interactions as follows:

> Several times Mr. Page would indicate he had X amount of dollars and would often say, 'I need to do the math quick.' So then he would come back, do the math, calculate how much heroin he could purchase from Hamlin with the money he had and then would order that amount of heroin.

Tr. 228.

As in *Thomas*, 150 F.3d at 745, the evidence showed that "all deals were cash on the barrelhead" and "episodic."[4] There was no evidence that Hamlin, who referred to Page as a "good customer," had a vested interest in Page's drug business once their cash transactions were completed. Tr. 458, 790, 830. Nor was there evidence that Hamlin and Page had a "joint criminal objective of further distributing [drugs] to others." *See* 7th Cir. Pattern Crim. Jury Instr. 5.10(A).

Given that the trial evidence undoubtedly allowed a rational jury to find that Page and Hamlin bought and sold drugs but did not have a joint criminal objective to further distribute those drugs, this Court's precedent mandated that a buyer-seller instruction be given. *See Cruse*, 805 F.3d at 814-16 (discussing cases and finding that instruction should only be omitted in "the absence of any record support for a buyer-seller relationship"). The omission of the instruction here was plain error.

The fact that Page did not object to the omission of a buyer-seller instruction or "present" that theory does not mean that no reversible error occurred. Indeed, the Supreme Court addressed this situation in *Olano*:

> Although in theory it could be argued that "[i]f the question was not <u>presented</u> to the trial court no error was committed by the trial court, hence there is nothing to review," <u>this is not the</u>

---

[4] Before the panel, the government conceded that so-called "fronting" (*i.e.* buying drugs on credit) was not "a regular or prominent feature" of Page's purchases, unlike the deals between Hamlin and his supplier, Torrence Harris. Resp. Br. 15 n.5; *see also* Tr. 447-52.

> theory that Rule 52(b) adopts. If a legal rule was violated during
> the district court proceedings, and if the defendant did not waive
> the rule, then there has been an "error" within the meaning of
> Rule 52(b) despite the absence of a timely objection.

*Olano*, 507 U.S. at 733-34 (emphasis added and internal citation omitted). In

other words, whether the district court was "alerted" to an issue is not

dispositive: the question is only whether there <u>was</u> a clear, unwaived

"deviation from a legal rule." *Id.* at 732-33.

The Supreme Court's decision in *Greer*, discussed more fully below, also

supports this proposition. There, the Court did not hesitate to apply plain-

error review even though the district court obviously could not have been

faulted for failing to give a *Rehaif*[5] instruction because that case had not been

decided at the time. *See Greer*, 593 U.S. at 507.[6] *Greer*'s analysis also shows

that Rule 52(b)'s purpose is to correct important errors and ensure that a

criminal defendant, whose life and liberty are at stake, receives a fair

adjudication of the elements of the offense—not to determine or assign blame.

This Court's long-established buyer-seller decisions illustrate the above

principles. Specifically, this Court has said "many times" that a buyer-seller

---

[5] In *Rehaif v. United States*, 139 S. Ct. 2191, 2199-2200 (2019), the Supreme Court held that, to obtain a firearms-possession conviction, the government must prove that the defendant knew that he was a felon when he possessed the firearm.

[6] Unlike in the defendants in *Greer*, *see id.* at 2098-2100, Page has never contended that he is exempt from "ordinary" plain-error review.

14

instruction should be given in cases "where the jury could rationally find, from the evidence presented, that the defendant merely bought or sold drugs but did not engage in a conspiracy." *Cruse*, 805 F.3d at 814. Thus, it is the <u>evidence</u> that dictates when the instruction must be given, not the "presentation" of a certain theory. *See, e.g.*, *Gee*, 226 F.3d at 894 (granting plain-error relief even though defendants did not propose buyer-seller instruction and "never argued this theory of the case to the jury"); *see also* *Askew*, 403 F.3d at 504 (finding that, despite defendant not arguing buyer-seller "defense," this Court "must still review the evidence presented by the government to determine whether it was such that a jury could confuse a buyer-seller relationship with a conspiratorial one").

In *Cruse*, 805 F.3d at 814, this Court analyzed the issue under a *de novo* standard because the defendant had requested a buyer-seller instruction in the district court. This Court held that Cruse was denied a fair trial when the district judge refused to give the instruction because the evidence was "sufficiently equivocal." *Id.* at 816. In so holding, this Court explained that a buyer-seller instruction should be omitted only "based on strong, direct <u>evidence</u> of conspiracy . . . and the <u>absence of *any* record support for a buyer-seller relationship</u>." *Id.* at 815 (emphasis added).

In sum, this Court's case law is clear that, when the evidence at trial supports both a conspiracy and a buyer-seller relationship, a buyer-seller

instruction <u>must</u> be given.  Here, even if this Court finds that there was

sufficient evidence to support a conspiracy conviction (there was not), the

evidence was, at most, equivocal, which means that the omission of a buyer-

seller instruction was plain error.

**C.**   **The panel correctly held that the error was prejudicial because the distinction between a conspiracy and a buyer-seller relationship is "blurry," constitutes an essential element of a conspiracy, and is not intuitive to a jury.**

Although a defense argument that the evidence merely supports a

buyer-seller relationship is commonly referred to as a "theory of defense," the

existence of a buyer-seller relationship is <u>not</u> an affirmative defense to a

conspiracy charge.  Rather, the distinction is an "essential element" of a

conspiracy conviction under 21 U.S.C. § 846 when there is conflicting

evidence.  *Gee*, 226 F.3d at 896.  Indeed, this Court's pattern jury instructions

place the buyer-seller instruction in the same section as the other conspiracy

instructions.  *See* 7th Cir. Pattern Crim. Jury Instr. 5.08, 5.09, 5.10, 5.10(A).

Specifically, the buyer-seller instruction explains that a buyer and

seller do not enter into a conspiracy to distribute drugs simply because the

buyer resells the drugs to others, even if the seller knows that the buyer

intends to resell the drugs.  *Id.* 5.10(A).  This explanation is critical because

"[a]n uninstructed jury is not likely to be able to intuit the distinction

between an arm's-length agreement to buy or sell drugs and a conspiratorial

agreement to distribute drugs." *Cruse*, 805 F.3d at 816; *see also, e.g.*, *Gee*, 226 F.3d at 895 (instruction should be given "because the line between a conspiracy and a mere buyer-seller relationship is difficult to discern"); *United States v. Douglas*, 818 F.2d 1317, 1322 (7th Cir. 1987) (reasonable jurors "could not discern" buyer-seller distinction without instruction).

In addition, the buyer-seller instruction explains that "[t]he government must prove that the buyer and seller had the joint criminal objective of further distributing [the drugs] to others"—a requirement that is only found in the buyer-seller instruction. 7th Cir. Pattern Crim. Jury Instr. 5.10(A). Indeed, the omission of a buyer-seller instruction allows the jury "to make a finding of guilt without determining whether the government had proved the existence of any greater conspiratorial agreement." *United States v. Mims*, 92 F.3d 461, 466 (7th Cir.), *on reh'g*, 101 F.3d 494 (7th Cir. 1996). Accordingly, if there is evidence to suggest a mere buyer-seller relationship, as in Page's case, then the entire conspiracy definition, including the buyer-seller instruction, must be given for the jury to do its job.

Under similar circumstances, this Court easily has found that the omission of a buyer-seller instruction was prejudicial under Rule 52(b). *See, e.g.*, *Gee*, 226 F.3d at 895; *Thomas*, 150 F.3d at 746; *Mims*, 92 F.3d at 466; *Douglas*, 818 F.2d at 1322. Without the instruction, this Court has "no way of knowing whether, had the jury understood the distinction between a

conspiracy and a buyer-seller relationship, it would still have convicted [the defendant] of conspiracy." *Gee*, 226 F.3d at 895. As this Court explained in an analogous context, "when the instructions allow a jury to convict on two theories, one of which is <u>legally</u> insufficient, then the court must remand for a new trial, because a jury that followed its instructions might have convicted on the invalid ground while distaining the proper one." *United States v. Borrero*, 771 F.3d 973, 976-77 (7th Cir. 2014) (emphasis in original).

The Supreme Court's denial of plain-error relief in *Greer* is readily distinguishable. There, the Court's "bottom line" was that the defendants did not satisfy the substantial-rights (third) prong of Rule 52(b) because neither had made "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 593 U.S. at 514. *Greer*'s holding was limited to *Rehaif* errors but also likely would extend to other errors that rarely cause prejudice. *See id.* at 509 (defendants have difficult burden on plain-error review for *Rehaif* errors because "a jury will usually find that a defendant <u>knew</u> he was a felon based on the fact that he <u>was</u> a felon") (emphasis in original).

Unlike in *Greer*, *id.* at 508, the plain error at Page's trial did not concern a "simple truth" but a vexing distinction that is <u>not</u> intuitive to jurors. Furthermore, in contrast to the defendants in *Greer*, Page argued on appeal not only that the jury may not have convicted had it received a buyer-

seller instruction but also that the evidence was insufficient, as a matter of law, to convict him of conspiracy, regardless of the instructions. Thus, *Greer* presents no barrier to plain-error relief in this case. *See also id.* at 520 (Sotomayor, J., concurring in part and dissenting in part) ("If a defendant demonstrates why a jury in an error-free trial might have reasonable doubts as to the [omitted] element, he has shown a reasonable probability of a different outcome.").

In sum, when there is evidence of a buyer-seller relationship, as there undoubtedly was here, the omission of a buyer-seller instruction is <u>always</u> prejudicial because distinguishing between a conspiracy and a buyer-seller relationship is critical to a fully functioning jury. Unlike in *Greer*, Page has shown more than a reasonable probability that the instruction would have made a difference at his trial because there was ample conflicting evidence.

### D. Applying the party-presentation principle to deny Page relief would directly contradict Rule 52(b).

In *United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020), the Supreme Court found that, in general, our adversarial system follows the "party-presentation principle"—*i.e.* that courts "normally decide only questions presented by the parties." In that case, after oral argument, the Ninth Circuit *sua sponte* had named three *amici*, invited them to brief a question that the parties had not raised in the district or on appeal, gave the

*amici* the majority of the time at the second oral argument, and then decided the appeal on the grounds that it had raised. *Id.* at 1578.

The Supreme Court explained that the party-presentation principle "is supple, not ironclad"; that courts are not "hidebound by the precise arguments of counsel"; and that there are "circumstances in which a modest initiating role for a court is appropriate." *Id.* at 1579, 1581. However, the Court found no circumstances that justified what it characterized as the Ninth Circuit's "takeover" and "radical transformation" of the appeal. *Id.* at 1581-82. Finding an abuse of discretion, the Court remanded the case to the circuit court for reconsideration "bearing a fair resemblance to the case shaped by the parties." *Id.* at 1582.

In its *en banc* order, this Court requested that the parties address "the role of the party-presentation principle <u>in the district court</u>." (Emphasis added.) But *Sineneng-Smith* and similar Supreme Court cases[7] were about a <u>circuit court</u> exceeding its discretion by commandeering <u>an appeal</u>. Thus, the closest fit to the facts of *Sineneng-Smith* is actually this Court's *sua sponte* decision to rehear Page's appeal *en banc* and order supplemental briefing

---

[7] *See, e.g.*, *Wood v. Milyard*, 566 U.S. 463, 474 (2012) (reversing Tenth Circuit's decision to *sua sponte* dismiss a habeas petition on statute-of-limitations grounds despite government having waived that defense); *Greenlaw v. United States*, 554 U.S. 237, 255 (2008) (vacating Eighth Circuit's decision to *sua sponte* order a sentence increase despite government not filing a cross appeal).

despite the fact that the parties: (1) did not move for rehearing, (2) agreed that plain-error review applied, and (3) never raised the party-presentation principle or waiver.  *See United States v. Robl*, 8 F.4th 515, 528 n.32 (7th Cir. 2021) (*Sineneng-Smith* applies when issues on appeal are "not raised or briefed by the parties"); *United States v. Withers*, 960 F.3d 922, 934 (7th Cir. 2020) (Easterbrook, J., concurring) (noting appellate panel's decision to "resolve[] that debate as the parties have framed it," consistent with *Sineneng-Smith*).

As framed by the parties, the issue on appeal before the panel was whether the district court <u>plainly erred</u>, under Rule 52(b), by failing to give a buyer-seller instruction.  Given the parties' framing of the issue, *Sineneng-Smith* indicates that Page's appeal is not a proper vehicle for this Court to consider the unraised question of the role of the party-presentation principle in the district court.

In any event, Rule 52(b) clearly authorizes appellate counsel to object to an error for the first time on direct appeal despite the general principle of party presentation.  Indeed, multiple circuit courts already have rejected an "expansive" reading of *Sineneng-Smith* that contradicts Rule 52(b)'s express language that an error may be reviewed on appeal when it was <u>not</u> "brought to the [district] court's attention."  Fed. R. Crim. P. 52(b); *see United States v. Cheveres-Morales*, 83 F.4th 34, 42 (1st Cir. 2023); *United States v. Turchin*,

21 F.4th 1192, 1199-200 (9th Cir. 2022) (citing *Barrados-Zarate v. Barr*, 981 F.3d 603, 605 (7th Cir. 2020)); *United States v. McReynolds*, 964 F.3d 555, 569 (6th Cir. 2020). As the Sixth Circuit aptly found in distinguishing *Sineneng-Smith*, "[n]o principle of party presentation requires us to abdicate our role in reviewing whether the district court [committed plain error]." *McReynolds*, 964 F.3d at 569 (citing *Olano*, 507 U.S. at 736).

Simply put, Rule 52(b) is an <u>exception</u> to the party-presentation principle, not the other way around.[8]

Furthermore, a district court *sua sponte* giving a buyer-seller instruction in a "thin" conspiracy case is nothing like the circuit court's "takeover" in *Sineneng-Smith*, 140 S. Ct. at 1579, and would certainly qualify as a circumstance "in which a modest initiating role for a court is appropriate." Indeed, this Court already has held that district courts <u>should</u> provide a buyer-seller instruction *sua sponte* in appropriate cases, *Gee*, 226 F.3d at 895, and that the determining factor is the nature of the <u>evidence</u>, *Cruse*, 805 F.3d at 814, not whether a buyer-seller theory was presented. *See also Thomas*, 150 F.3d at 746 ("If a jury rationally could find

---

[8] That reviewing courts may affirm on any ground supported by the record is another oft-used exception to the party-presentation principle. *See, e.g.*, *United States v. Edwards*, 34 F.4th 570, 583 (7th Cir.), *cert. denied*, 143 S. Ct. 307 (2022); *see also United States v. Graham*, 51 F.4th 67, 80-81 (2d Cir. 2022) (citing *Sineneng-Smith* as consistent with the premise that circuit courts "may affirm a judgment of the district court on any ground that is directly responsive to an appellant's arguments").

in the defendant's favor on some material issue, then the jury must be instructed on that subject.").[9]

In sum, if this Court were to reject Page's appeal because a buyer-seller theory was not presented in the district court, that holding would: (1) directly contradict Rule 52(b), which expressly allows for review of errors that are <u>not</u> raised in the district court; (2) be inconsistent with *Greer* and other Supreme Court cases that allow for plain-error relief under similar circumstances; (3) be contrary to *Sineneng-Smith*'s teachings that the party-presentation principle is "supple" and generally indicates an abuse of discretion only where a court "radically transforms" a case; and (4) effectively overrule *Gee*, *Cruse*, and this Court's other buyer-seller cases, none of which require "presentation" of a buyer-seller theory.

### E. Applying the party-presentation principle to deny Page relief would curtail his constitutional right to appellate counsel and waste judicial resources.

Lest it be unclear, Page concedes that his trial counsel should have requested a buyer-seller instruction and that his failure to do so was ineffective assistance of counsel. But this Court long has acknowledged that

---

[9] *See generally United States v. Stoller*, 827 F.3d 591, 596 (7th Cir. 2016) (district court's failure to *sua sponte* conduct competency hearing violates due process if "there is a bona fide doubt that arises as to a defendant's competency before trial"); *United States v. Combs*, 222 F.3d 353, 362 (7th Cir. 2000) (affirming district court's *sua sponte* grant of a mistrial, over defendant's objection, upon discovery that attorney had possible conflict of interest, finding that the court "acted scrupulously in its protections of the defendant's rights").

plain-error relief may be appropriate even for mistakes that effective counsel could have prevented. *See, e.g.*, *Douglas*, 818 F.2d at 1320 ("Plain error analysis is not a panacea for every error of counsel; it is successfully employed only in the most compelling case.") (citing *United States v. Silverstein*, 732 F.2d 1338, 1349 (7th Cir. 1984)). As a result, this Court has held numerous times that the omission of a buyer-seller instruction in a case with equivocal evidence <u>is</u> reversible error—even if counsel could have remedied the situation. *See, e.g.*, *Gee*, 226 F.3d at 895; *Thomas*, 150 F.3d at 744-45; *Douglas*, 818 F.2d at 1319-20.

Strict application of the party-presentation principle to deny plain-error relief not only would contradict Rule 52(b), it also would curtail a defendant's right to appellate counsel for forfeited errors. This is because defendants only would be able to raise forfeited issues in a post-conviction motion under 28 U.S.C. § 2255, where the constitutional right to counsel does <u>not</u> apply. *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021). As a result, defendants would be forced to litigate meritorious, unwaived claims for the first time, without the assistance of counsel, in the same district court where the alleged error occurred. And if their claim is denied, then defendants would be entitled to this Court's review only if a certificate of appealability is granted, and again, with no constitutional right to counsel.

This result, including the huge waste of judicial resources to ultimately bring the claim to this Court, cannot possibly be what the party-presentation principle is meant to achieve. Indeed, as explained in *Sineneng-Smith*, 140 S. Ct. at 1579-82, its purpose is to ensure that a court generally acts as a "neutral arbiter" and does not "radical[ly] transform[]" a case—not preclude plain-error review or usurp a defendant's right to appellate counsel.

If this Court uses the party-presentation principle to deny Page relief, its decision would go much further than *Sineneng-Smith* and essentially prevent district courts from *sua sponte* correcting jury-instruction errors <u>on the elements of the charged offense</u>, resulting in wrongful convictions and unnecessary appeals. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court . . . retains the independent power to identify and apply the proper construction of governing law."). Rather, in cases such as this one, where a criminal defendant makes an inadvertent forfeiture, courts should not be precluded from *sua sponte* correcting the error in a way that does not "radically transform" the case. The preservation of the public legitimacy of the courts— as well as the interests of accuracy, efficiency, fairness, and justice— outweigh the party-presentation principle, to the limited extent that it applies.

## CONCLUSION

The party-presentation principle is relevant to many situations—indeed, it counsels against this Court's *sua sponte* decision to rehear this appeal *en banc* after: (1) the parties had agreed on the standard of review and thoroughly engaged in briefing and oral argument; (2) the panel had issued a unanimous decision on the issues as framed by the parties; and (3) the government had declined to move for rehearing. But nothing in *Sineneng-Smith* or other Supreme Court precedent indicates that the party-presentation principle precludes plain-error review under Rule 52(b) or hamstrings a district court's ability to correctly instruct a jury on the elements of the charged offense in a criminal trial.

Page readily acknowledges that his trial counsel should have requested a buyer-seller instruction and squarely presented that alternative argument to the jury. But under Rule 52(b), *Olano*, and this Court's precedent, a forfeited error in adequately instructing the jury on the definition of a conspiracy still is entitled to plain-error review on direct appeal. The evidence clearly warranted the instruction, and its omission allowed the jury to convict under a legally erroneous theory of conspiracy.

If this Court does not reverse the conspiracy conviction for lack of sufficient evidence, then Page must be given a new trial with a properly instructed jury.

BISKUPIC & JACOBS, S.C.

/s/ Vanessa K. Eisenmann
Vanessa K. Eisenmann
Michelle L. Jacobs
Justin J. Dreikosen

# ADDENDUM

## Cases Cited in this Court's *En Banc* Order

| Defendant | Court | Year of Decision | Buyer-Seller Appeal? | Standard of Review | Reversible Error? |
|---|---|---|---|---|---|
| Olano | U.S. | 1993 | No | Plain Error | No (third prong) |
| Sineneng–Smith | U.S. | 2020 | No | Abuse of Discretion | Yes (circuit-court error) |
| Greer | U.S. | 2021 | No | Plain Error | No (third prong) |
| Douglas | 7th Cir. | 1987 | Yes | Plain Error | Yes |
| Thomas | 7th Cir. | 1998 | Yes | Plain Error | Yes |
| Gee | 7th Cir. | 2000 | Yes | Plain Error | Yes |
| Cruse | 7th Cir. | 2015 | Yes | *De Novo* / Harmless Error | Yes |

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), as set forth in this Court's *en banc* order, because this brief contains <u>5,999</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

**BISKUPIC & JACOBS, S.C.**

<u>/s/ Vanessa K. Eisenmann</u>
Vanessa K. Eisenmann